IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENT TREE HOLDINGS, LLC,

    Plaintiff,                            CIV. NO. S-11-3078 MCE GGH PS

    vs.

JASON KYSER,

                                         ORDER AND
    Defendant.                      FINDINGS AND RECOMMENDATIONS
_____/

        This action was removed from Sacramento County Superior Court on November 21, 2011 (dkt. no. 1) and has been referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).  Presently pending before the court is plaintiff Bent Tree Holdings, LLC's ("Plaintiff") motion to remand the action to state court, noticed for hearing on January 26, 2012 at 10:00 a.m.  (Dkt. Nos. 5, 9.)  Defendant Jason Kyser ("Defendant") failed to file a timely opposition to the motion pursuant to E.D. Cal. L.R. 230(c).[1]  Having reviewed the court's record

---

[1] Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court.  Failure to obey local rules may not only result in dismissal of the action, but "no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party."  E. D. Cal. L.R. 230(c).  More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L.R. 110; see

1

1 in this matter, the court concludes that further briefing and oral argument would not be of
2 material assistance in resolving the motion. Consequently, the January 26, 2012 hearing date
3 will be vacated, and the motion will be decided on the record.

4       A state court defendant cannot invoke the federal court's original jurisdiction.
5 However, the defendant may in some instances invoke the court's removal jurisdiction. Removal
6 jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy
7 Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any
8 doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
9 Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal."
10 Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

11       A defendant may remove a civil action from state court to federal district court
12 only if the district court has original jurisdiction over the action, i.e. if the action originally could
13 have been filed in federal court. See 28 U.S.C. § 1441(a). A district court has original
14 jurisdiction over a civil action when: (1) a federal question is presented in an action "arising
15 under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of
16 citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

17       In regards to federal question jurisdiction, federal courts have "jurisdiction to
18 hear, originally or by removal from a state court, only those cases in which a well-pleaded
19 complaint establishes either that federal law creates the cause of action, or that the plaintiff's
20 right to relief necessarily depends on resolution of a substantial question of federal law."
21 Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Mere
22 reference to federal law is insufficient to permit removal. See Smith v. Industrial Valley Title
23 Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992). Also, defenses and counterclaims cannot provide a
24 sufficient basis to remove an action to federal court. See Berg v. Leason, 32 F.3d 422, 426 (9th

25
26 also E. D. Cal. L.R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

Cir. 1994); Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010).

Here, removal cannot be based on federal question jurisdiction. The exhibits attached to the removal notice establish that the state court action is nothing more than a simple unlawful detainer action, and is titled as such. (See Dkt. No. 1 at 6-7; see also Plaintiff's Request for Judicial Notice, Dkt. No. 6 ["RJN"], Exs. A & B.)[2] Defendant is a tenant who occupies the subject property pursuant to a rental agreement with Plaintiff. (RJN Ex. A at 1-2.) Defendant allegedly failed to pay rent, resulting in the instant action. (Id.) This court has no jurisdiction over unlawful detainer actions, which are strictly within the province of the state court. Furthermore, any defenses based on federal law or the United States Constitution must generally be raised in the state court action and do not provide a basis for removal. "A case may not be removed to federal court on the basis of a federal defense,...even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." ARCO Environmental Remediation, LLC v. Dept. of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000).

Nor can the action be removed on grounds of diversity jurisdiction. First, the amount in controversy does not exceed $75,000, because the state court action was filed as a limited civil case specifically seeking less than $10,000 (a year's lease at $819 per month). (Dkt. No. 1 at 6-7; RJN Ex. A.) Second, Defendant is a citizen of California, and therefore cannot remove the action from a California state court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such

---

[2] The court takes judicial notice of the state court pleadings, because these are public records whose accuracy cannot reasonably be questioned. See Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds, Astoria Fed. Sav. & Loan Assoc. v. Solimino, 501 U.S. 104 (1991).

action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

Plaintiff also seeks an award of attorneys' fees, costs, and expenses in bringing its motion to remand.  28 U.S.C. § 1447(c) permits the court to order payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In deciding whether to order payment of costs, the court must assess whether removal was "wrong as a matter of law."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, it is clear that there was no objectively reasonable basis for removal.  The law of removal jurisdiction is well established.  Although Defendant is proceeding pro se, the court notes that Defendant removed this action after a clerk's judgment by default on October 19, 2011 (RJN Ex. B) and issuance of a writ of possession of real property on November 15, 2011 (dkt. no. 1 at 10) in the state court.  Thus, it is evident that Defendant removed the action on the eve of eviction solely to delay Plaintiff's recovery of its own property.  Accordingly, the court will recommend that Plaintiff be awarded its reasonable fees and costs.

Plaintiff's counsel submitted a declaration indicating that he was admitted to practice law in California and the U.S. District Court for the Eastern District of California in 1978, and that his regular hourly rate is $250 per hour.  (Dkt. No. 5 at 6.)  He also stated that he spent approximately 3 hours to prepare the motion to remand, for a total of $750.  (Id.)  The court finds the hourly rate and number of hours spent to be reasonable and will therefore recommend that Plaintiff be awarded $750 in attorneys' fees.

\\\\\

1  Finally, defendant has also filed a motion to proceed in forma pauperis. (Dkt. No.
2  2.) Given the court's conclusion that it lacks subject matter jurisdiction in this matter, the
3  request to proceed in forma pauperis will be denied.
4  For the foregoing reasons, IT IS HEREBY ORDERED that:
5  1. Defendant's motion to proceed in forma pauperis (dkt. no. 2) is denied, and
6  2. The January 26, 2012 hearing is vacated.
7  IT IS ALSO HEREBY RECOMMENDED that:
8  1. Plaintiff's motion to remand (dkt. no. 5) be granted;
9  2. The action be remanded to the Sacramento County Superior Court;
10  3. Plaintiff be awarded attorneys' fees in the amount of $750 to be paid by
11  Defendant within 28 days of the date of an order adopting these findings and recommendations,
12  if they are adopted;
13  4. The Clerk be directed to serve a certified copy of this order on the Clerk of the
14  Sacramento County Superior Court, and reference the state case number (11UD09858) in the
15  proof of service; and
16  5. The Clerk be directed to close this case.
17  These findings and recommendations are submitted to the United States District
18  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
19  fourteen (14) days after being served with these findings and recommendations, any party may
20  file written objections with the court and serve a copy on all parties. Such a document should be
21  captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the
22  objections shall be served and filed within seven (7) days after service of the objections. The
23  \\\\\
24  \\\\\
25  \\\\\
26  \\\\\

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: January 18, 2012

                                         /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

GGH/wvr
BentTree.3078.fr.remand.wpd

6